IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIA A. TRUSTY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-1022-O |
| | § | |
| JODY R. UPTON, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Julia A. Trusty, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent. The prior referral to the Magistrate Judge is withdrawn. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is serving a 24-month term of imprisonment on her conviction for possession of stolen mail in the United States District Court for the Eastern District of Texas, Texarkana Division. Resp't's App. 12-13, ECF No. 6. By way of this petition, Petitioner seeks credit towards her federal sentence for time spent in federal custody and/or "a nunc pro tunc." Pet. 5, ECF No. 1.

To establish the factual background of the case, the government provided the declaration of Alan Ray, a Management Analyst at the Designation and Sentence Computation Center of the Bureau of Prisons (BOP), providing:

> . . .
>
> 2.    In this position, I have access to inmates' records, Judgment and Commitment Orders, sentence computation letters, electronic data maintained

        on BOP's SENTRY computer system and BOP Program Statements.

3. My responsibilities include providing litigation assistance to the U.S. Attorney's Office when federal inmates challenge their sentence computations. This responsibility includes reviewing the accuracy of challenged sentence computations.

4. On February 12, 2014, I reviewed the sentence computation for Petitioner, Julia Trusty, Federal Register Number 20409-078. The review revealed that Petitioner's sentence computation has been computed in accordance with federal law.

5. It is my understanding that Petitioner alleges she is entitled to prior custody credit toward her federal term for time spent on federal writ in United States Marshals ("USMS") physical custody from September 20, 2012, to July 24, 2013.

6. On July 11, 2012, Petitioner was arrested by state law enforcement officials in New Boston, Texas, and charged with Forgery, Fraudulent Use of Identifying Information, and Unauthorized Use of a Vehicle resulting in Case Numbers 12F0659-102, 12F0660-102, and 12F0661-102 in the 102nd Judicial District Court in Bowie County, Texas.

7. On September 5, 2012, Petitioner was sentenced in Case Number 12F0661-102 by the 102nd District Court in Bowie County, Texas to a 14 month term of imprisonment after pleading guilty to Unauthorized Use of a Vehicle. She received prior custody credit from July 11, 2012, the date of her arrest, to September 5, 2012, the date her state term began.

8. On September 20, 2012, Petitioner was loaned on a federal writ of habeas corpus ad prosequendum to the United States District Court for the Eastern District of Texas to answer for her federal charges in Case Number 5:12-CR-00026-001.

9. On July 24, 2013, Petitioner was sentenced by the United States District Court for the Eastern District of Texas in Case Number 5:12-CR-00026-001 to a 24 month term of imprisonment for a violation of 18 U.S.C. § 1708, Possession of Stolen Mail.

10. On August 7 2013, Petitioner was returned to Texas state custody. The 321 days she was out on federal writ in the physical custody of the USMS was spent in service of and credited toward her 14 month state term imposed in Case Number 12F0661-102.

11.    On September 9, 2013, Petitioner satisfied her 14 month state term.

12.    On September 23, 2013, Petitioner released to the federal detainer and was received into exclusive federal custody to commence service of her 24 month federal term.

13.    Petitioner's sentence computation has been prepared based on a 24 month term of imprisonment, commencing on September 23, 2013, the date she was received into exclusive federal custody. Petitioner received 13 days of prior custody credit toward her federal term from September 10, 2013, the day following expiration of her state term, to September 22, 2013, the date before her federal ter4m commenced, as the 13 days had not been credited against another sentence. Her projected good conduct release date is June 7, 2015.

. . .

Resp't's App. 1-4, ECF No. 6.

## II. EXHAUSTION

Respondent argues that the petition should be dismissed based on Petitioner's failure to exhaust the prison's administrative remedies. Resp't's Resp. 3-5, ECF No. 5; Resp't's App. 26, ECF No. 6. Petitioner is eligible for home detention in March 2015 with a projected release date of June 7, 2015. Because adherence to the exhaustion requirement would serve no purpose other than delay, the undersigned considers Petitioner's claim.

## III. DISCUSSION

Petitioner requests prior custody credit for the time she spent in federal custody under the writ of ad prosequendum from September 20, 2012, until July 24, 2013, and/or, presumably, a nunc pro tunc designation of the state prison as the place for service of her federal sentence to effect concurrent service of her federal and state sentences. Pet. 5, ECF No. 1. Respondent argues that petitioner is not entitled to prior custody credit for the relevant time period under 18 U.S.C. § 3585 because, although in custody of the USMS from September 20, 2012, to July 24, 2013, by virtue of

3

the federal writ of habeas corpus ad prosequendum, she remained in the primary custody of the State of Texas and was given credit on her state sentence. Resp't's Resp. 5-6, ECF No. 5. Respondent does not address Petitioner's general request for "a nunc pro tunc" designation.

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> 
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> 
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

Section 3585(b) dictates that petitioner's federal sentence commenced on September 23, 2013, the date she was released to the federal detainer and received into exclusive federal custody, and that she is not entitled to prior custody credit on her 24-month federal sentence because the time at issue was credited to her state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson,* 503 U.S. 329, 337 (1992). In accordance with the

statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to prior custody credit against her federal sentence for any time credited to her state sentence, including the time she was on federal writ ad prosequendum. *United States v. Cibrian*, No. 09-40048, slip copy, 2010 WL 1141676, at *2 (5th Cir. Mar. 24, 2010) (not designated for publication); *Richardson v. Outlaw,* 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008) (not designated for publication). Habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. *Richardson,* 274 Fed. Appx. at 353-54, 2008 WL 1747085, at *1.

Moreover, 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. <u>Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.</u>

18 U.S.C. § 3584(a) (emphasis added).

A prisoner's request that he should receive credit for time spent in service of a state sentence prior to service of a federal sentence is viewed by the BOP as a request for retroactive "nunc pro tunc" concurrent designation pursuant to 18 U.S.C. § 3621(b). *See* Bureau of Prisons Program Statement 5160.05. A district court has no authority to make a nunc pro tunc designation, although

5

it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition. *United States v. Jack,* — Fed. Appx. —, 2014 WL 1716759, at *2 (5th Cir. May 2, 2014). *See also Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010) (providing "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence"). Petitioner asserts that the federal sentencing judge stated in court that her time in "federal holding would be applied to [her] sentence," however nothing in the record indicates that Petitioner has requested a nunc pro tunc designation by the BOP. *Hunter v. Tamez,* 622 F.3d 427 (5th Cir. 2010); *Barden v. Keohane,* 921 F.2d 476 (3d Cir. 1990).

## IV. CONCLUSION

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**. Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **8th** day of **September, 2014.**

_____
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**